UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2005 JAN 19 P 3:11

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| TRUSTEES OF THE PAINTERS & ALLIED TRADES DISTRICT COUNCIL NO. 35 HEALTH AND WELFARE, PENSION AND ANNUITY FUNDS<br><br>       Plaintiffs<br><br>v.<br><br>Decor Graphics, Inc.<br><br>       Defendant<br> and<br><br>Enfield Enterprises, Inc.<br><br>   Reach and Apply Defendant<br> and<br><br>The Stop & Shop Companies, Inc.<br><br>   Reach and Apply Defendant<br> and<br><br>Kay Construction Corp.<br><br>   Reach and Apply Defendant | 05 - 10124 MLW<br><br>RECEIPT # _____<br>AMOUNT $ _____<br>SUMMONS ISSUED _____<br>LOCAL RULE 4.1 _____<br>WAIVER FORM _____<br>MCF ISSUED _____<br>BY DPTY. CLK. _____<br>DATE _____<br><br>Civil Action No.<br><br><br>MAGISTRATE JUDGE _____ |

## COMPLAINT

### COUNT I

1.  This is an action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, et seq., brought by the Trustees of the Painters & Allied Trades District Council No. 35 Health and Welfare, Pension and Annuity Funds ("Funds" or

"Plaintiff Funds") for damages and injunctive relief arising from unpaid and delinquent contributions.

2. This Court has jurisdiction pursuant to 29 U.S.C. §1132(e)(1) and venue lies in this district pursuant to 29 U.S.C. §1132(e)(2).

3. Each of the Plaintiff Funds is a "multi-employer plan" within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C. §1002(37)(A), and is an "employee benefit plan" or "plan" within the meaning of Section 3(3) of ERISA, 29 U.S.C., §1002(3). The Plaintiff Funds have a principal office at and are administered from 25 Colgate Road, Roslindale, MA.

4. Defendant Decor Graphics, Inc. ("Decor Graphics") is an "employer" within the meaning of 29 U.S.C. §1002(5) and an employer in an industry affecting commerce within the meaning of 29 U.S.C. §152(2) and (6) and has a principal place of business at 102 Main Street, Reading, MA 01867.

5. Painters & Allied Trades District Council No. 35 ("Painters Union") is a "labor organization" within the meaning of 29 U.S.C. §152(5).

6. At all material times, Defendant was obligated by the terms the collective bargaining agreement between it and the Painters Union and by the terms of the Agreements and Declarations of Trust for each of the Plaintiff Funds to make contributions and remittance reports on behalf of its employees represented by the Painters Union to the Plaintiff Funds.

7. Defendant has failed to make required contributions in the approximate sum $100,000.00 for the months of October, November and December 2004 in violation of Section 515 of ERISA, 29 U.S.C. §1145.

## COUNT II AS AGAINST REACH AND APPLY DEFENDANT ENFIELD ENTERPRISES, INC.

8. Plaintiff Funds hereby sets forth and incorporates by reference Paragraphs 1 through 7 of this Complaint.

9. Enfield Enterprises, Inc. is a duly organized business corporation with a place of business at 551 East Columbus Avenue, Springfield, MA 01105.

10. Upon information and belief, Defendant Decor Graphics entered into an agreement with Enfield Enterprises, Inc. to perform labor on the project known as Natick Army Base, Natick, MA.

11. Pursuant to its contract with Decor Graphics, Reach and Apply Defendant Enfield Enterprises, Inc. is obligated to make periodic payments to Defendant Decor Graphics for work performed by Defendant Decor Graphics on the project named in Paragraph 10 of this Complaint.

12. Upon information and belief, Enfield Enterprises, Inc. is making periodic payments to Decor Graphics for work performed on the project named in Paragraph 10 of this Complaint.

13. Plaintiff Funds believe and therefore avers that unless they can reach the funds from Reach and Apply Defendant Enfield Enterprises, Inc., they will be irreparably harmed because if Enfield Enterprises, Inc. pays the funds over to Decor Graphics, the Plaintiff Funds will be unable to recover the contributions owed by Decor Graphics.

14. Plaintiff Funds have no knowledge of any real estate or other assets of Defendant Decor Graphics that can be reached by Plaintiff Funds.

3

## COUNT III AS AGAINST REACH AND APPLY DEFENDANT
## THE STOP & SHOP COMPANIES, INC.

15. Plaintiff Funds hereby sets forth and incorporates by reference Paragraphs 1 through 7 of this Complaint.

16. The Stop & Shop Companies, Inc. is a duly organized Massachusetts corporation doing business at 1385 Hancock Street, Quincy, MA 02169.

17. Upon information and belief, Defendant Decor Graphics entered into an agreement with The Stop & Shop Companies, Inc. to perform labor at its store in Pembroke, MA.

18. Pursuant to its contract with Decor Graphics, Reach and Apply Defendant The Stop & Shop Companies, Inc. is obligated to make periodic payments to Defendant Decor Graphics for work performed by Defendant Decor Graphics on the project named in Paragraph 17 of this Complaint.

19. Upon information and belief, The Stop & Shop Companies, Inc. is making periodic payments to Decor Graphics for work performed on the project named in Paragraph 17 of this Complaint.

20. Plaintiff Funds believe and therefore aver that unless they can reach the funds from Reach and Apply Defendant The Stop & Shop Companies, Inc., they will be irreparably harmed because if The Stop & Shop Companies, Inc. pays the funds over to Decor Graphics, the Plaintiff Funds will be unable to recover the contributions owed by Decor Graphics.

21. Plaintiff Funds have no knowledge of any real estate or other assets of Defendant Decor Graphics that can be reached by Plaintiff Funds.

## COUNT IV AS AGAINST REACH AND APPLY DEFENDANT KAY CONSTRUCTION CORP.

22. Plaintiff Funds hereby sets forth and incorporates by reference paragraphs 1 through 7 of this Complaint.

23. Kay Construction Corp. is a duly organized Massachusetts corporation with a usual place of business at 49 Winchester Street, Newton, MA 02461.

24. Upon information and belief, Defendant Decor Graphics entered into agreements with Kay Construction Corp. to perform labor on the project known as The Stop & Shop Companies, Inc. in Somerville, MA.

25. Pursuant to its contracts with Decor Graphics, Reach and Apply Defendant Kay Construction Corp. is obligated to make periodic payments to Defendant Decor Graphics for work performed by Defendant Decor Graphics on the project named in Paragraph 24 of this Complaint.

26. Upon information and belief, Kay Construction Corp. is making periodic payments to Decor Graphics for work performed on the project named in Paragraph 24 of this Complaint.

27. Plaintiff Funds believe and therefore aver that unless they can reach the funds from Reach and Apply Defendant Kay Construction Corp., they will be irreparably harmed because if Kay Construction Corp. pays the funds over to Decor Graphics, the Plaintiff Funds will be unable to recover the contributions owed by Decor Graphics.

28. Plaintiff Funds have no knowledge of any real estate or other assets of Defendant Decor Graphics that can be reached by Plaintiff Funds.

WHEREFORE, Plaintiff Funds demand that with respect to Defendant Decor Graphics judgment enter in accordance with Section 502(3) of ERISA, 29 U.S.C. §1132(g)(2) and request that the Court:

1. Determine and Award to the Plaintiff Funds the following amounts:

   a. the Defendant's unpaid contributions;

   b. interest on those contributions from the date the payment was due;

   c. liquidated damages in an amount equal to the greater of interest on the unpaid contributions or 20% of the unpaid contributions;

   d. all costs and reasonable attorney's fees incurred by the Plaintiff Funds in connection with this action; and

2. Permanently enjoin the Defendant from violating its obligations to make contributions and provide remittance reports to the Funds under the terms of its collective bargaining agreements with the Painters Union and the respective Agreements and Declarations of Trust; and

3. Order such other and further relief as this Court may deem just and proper.

WHEREFORE, Plaintiff Funds further demand that with respect to Reach and Apply Defendants Enfield Enterprises, Inc., The Stop & Shop Companies, Inc. and Kay Construction Corp.:

1. That Reach and Apply Defendants Enfield Enterprises, Inc., The Stop & Shop Companies, Inc. and Kay Construction Corp. be forthwith restrained and enjoined from transferring, alienating, or paying Defendant Decor Graphics, Inc. any sums owed by Reach and Apply Defendants Enfield Enterprises, Inc.,

6

The Stop & Shop Companies, Inc. and Kay Construction Corp. to Defendant Decor Graphics, Inc.;

2. That the Court permit the Plaintiff Funds to reach and apply the funds due or to be due from Reach and Apply Defendants Enfield Enterprises, Inc., The Stop & Shop Companies, Inc. and Kay Construction Corp. to Defendant Decor Graphics, Inc. to any judgment the Plaintiff recovers against Defendant Decor Graphics, Inc.; and

3. Order such other and further relief as this Court may deem just and proper.

Respectfully submitted,

FEINBERG, CAMPBELL & ZACK, P.C.
177 Milk Street
Boston, MA 02109
(617) 338-1976

_____
Michael A. Feinberg, BBO #161400
Attorney for Plaintiff Funds

Dated: January 18, 2005

7

## CERTIFICATE OF SERVICE

I, Michael A. Feinberg, hereby certify that I caused a copy of the foregoing Complaint to be mailed on January 18, 2005 by certified mail, return receipt requested, to the United States Secretaries of Labor and Treasury.

_____
Michael A. Feinberg

JS 44
(Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
Trustees of the Painters & Allied Trades District Council No. 35 Health and Welfare, Pension and Annuity Funds

### DEFENDANTS
Decor Graphics, Inc.

FILED IN CLERK'S OFFICE
2005 JAN 19 P 3: 12
U.S. DISTRICT COURT
DISTRICT OF MASS

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Suffolk
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: Middlesex
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

05-10124 MLW

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Feinberg, Campbell & Zack, P.C.
177 Milk Street
Boston, MA 02109
617-338-1976

ATTORNEYS (IF KNOWN)

### II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | PROPERTY RIGHTS | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | LABOR | SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 385 Property Damage Product Liability | | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | | | |
| ☐ 240 Torts to Land | PRISONER PETITIONS | ☐ 740 Railway Labor Act | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 290 All Other Real Property | ☐ 444 Welfare / HABEAS CORPUS: | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 530 General | | | |
| | ☐ 535 Death Penalty | ☒ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS — Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| | ☐ 540 Mandamus & Other | | | |
| | ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |

### V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)
ERISA, 29 U.S.C. §1001, et seq., Damages and injunctive relief from unpaid and delinquent contributions

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☒ NO

### VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE: Jan 18, 2005
SIGNATURE OF ATTORNEY OF RECORD: [signature]

FOR OFFICE USE ONLY
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) Trustees of the Painters & Allied Trades District Council No. 35 Health and Welfare, Pension and Annuity Funds v. Decor Graphics, Inc. et al.

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ___ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   _X_ II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,     *Also complete AO 120 or AO 121
            740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.       for patent, trademark or copyright cases

   ___ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
            315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
            380, 385, 450, 891.

   ___ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
            690, 810, 861-865, 870, 871, 875, 900.

   ___ V.   150, 152, 153.

   05-10124 MLW

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

   _____

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
                                                                    YES ☐    NO ☒

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST?   (SEE 28 USC §2403)
                                                                    YES ☐    NO ☒
   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?
                                                                    YES ☐    NO ☐

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?
                                                                    YES ☐    NO ☒

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).
                                                                    YES ☒    NO ☐

   A. IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?
      EASTERN DIVISION ☒    CENTRAL DIVISION ☐    WESTERN DIVISION ☐

   B. IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?
      EASTERN DIVISION ☐    CENTRAL DIVISION ☐    WESTERN DIVISION ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME Michael A. Feinberg, Esq.
ADDRESS 177 Milk Street, Boston, MA 02109
TELEPHONE NO. 617-338-1976

(Cover sheet local.wpd - 11/27/00)